UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. COLLINS and VITA COLLINS,

    Plaintiffs,

v.

MACOMB COUNTY SHERIFF
ANTHONY WICKERSHAM in his official
and personal capacity, WELLS FARGO
BANK, N.A., a National Association;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware Corporation, its successors and/or
assigns, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, a Federally
Chartered Corporation, and WRITS, INC., a
Michigan Corporation, jointly and severally,

    Defendants.
_____/

Case No. 11-12999

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 23, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On July 12, 2011, John and Vita Collins ("Plaintiffs") filed this purported class action, alleging violations of state and federal law in connection with the foreclosure of real property. The defendants are Macomb County Sheriff Anthony Wickersham, Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), the Federal National Mortgage Association ("Fannie Mae"), and Writs, Inc.

Before the Court are several motions: (1) MERS and Wells Fargo's motion to stay these proceedings; (2) MERS and Wells Fargo's motion to dismiss; (3) Fannie Mae's motion to dismiss; and (4) Plaintiff's motion for leave to file an Amended Complaint. These matters have been fully briefed, and on March 19, 2012, the Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants the motions to dismiss and denies Plaintiffs' motion to amend. The motion to stay is denied as moot.

## I. Factual and Procedural Background

On August 25, 2005, Plaintiffs obtained a loan of $156,000 from Nations First Financial. As security for this loan, they executed a mortgage on real property located at 30967 Roselawn, in Warren, Michigan. MERS was the mortgagee, as nominee for the lender and the lender's successors and assigns. This mortgage was recorded with the Macomb County Register of Deeds on September 22, 2005. Wells Fargo eventually became the servicer of this loan, although it is not exactly clear when this occurred.

Plaintiffs failed to make the scheduled loan payments, and on September 9, 2010, MERS assigned the mortgage to Wells Fargo. This assignment was recorded with the Register of Deeds on September 20, 2010. Wells Fargo then instituted proceedings to foreclose by advertisement. Wells Fargo published four consecutive weekly notices of foreclosure in the Macomb County Legal News, and a notice was posted at the property on October 18, 2010. The foreclosure sale was initially scheduled for November 12, 2010, but was later adjourned to January 7, 2011. Wells Fargo purchased the property at the sheriff's sale. Shortly after the sheriff's sale, Wells Fargo quitclaimed the property to

Fannie Mae, and Fannie Mae commenced proceedings to evict Plaintiffs from the property. The six-month statutory redemption period expired on July 7, 2011.

Plaintiffs filed this purported class action on July 12, 2011 in the Eastern District of Michigan.[1] Their Complaint contains the following six counts: wrongful foreclosure in violation of Michigan Compiled Laws § 600.3204(1)(d) (Count I); conversion (Count II); breach of contract (Count III); violation of the Real Estate Settlement Procedures Act ("RESPA") (Count IV); unjust enrichment (Count V); and violation of substantive due process rights (Count VI).[2]

The Macomb County Sheriff and Writs, Inc. have each filed an Answer to the Complaint. The remaining defendants have filed motions to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). MERS and Wells Fargo have also filed a motion to stay these proceedings pending the Michigan Supreme Court's resolution of the appeal in *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (Mich. Ct. App. 2011). This case was reassigned to this Court from District Judge Victoria A. Roberts on January 24, 2012.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

MERS and Wells Fargo seek dismissal of the claims against them pursuant to Rule 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Proper jurisdiction is a

---

[1] No classes have been certified at this time.

[2] The claim for violation of substantive due process rights is asserted only against the Macomb County Sheriff; it is therefore not addressed in this Opinion and Order.

requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered prior to any other challenges. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946).

The Rule 12(b)(1) motion focuses on Plaintiffs' "standing" to assert a claim to the property after the redemption period has expired. District courts have noted, however, that the term "standing" is "a bit of a misnomer" in the context of this sort of mortgage-related claim. *Tatar v. Trott & Trott, P.C.*, No. 10-12832, 2011 U.S. Dist. LEXIS 94708, at *19 n.3 (E.D. Mich. Aug. 3, 2011); *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 U.S. Dist. LEXIS 74291, at *11 n.3. (E.D. Mich. July 11, 2011). These courts have held that the standing requirement of Article III of the United States Constitution is satisfied, and the Plaintiff's failure to assert a claim during the redemption period is an issue that goes to the claim's merits. *Brezzell*, 2011 U.S. Dist. LEXIS 74291, at *11 n.3. Defendants' arguments should therefore be addressed in the context of Rule 12(b)(6).

### III. Motions to Dismiss for Failure to State a Claim for Relief

**A. Standard of Review**

MERS, Wells Fargo, and Fannie Mae have moved to dismiss the claims against them pursuant to Rule 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

4

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

**B. Wrongful Foreclosure**

Count I of the Complaint, wrongful foreclosure, is brought against Wells Fargo,

5

MERS, Fannie Mae, and Writs, Inc. Plaintiffs allege that the foreclosure of their property was conducted in violation of several provisions of Michigan law. Wells Fargo, MERS, and Fannie Mae argue that the expiration of the redemption period bars Plaintiffs' claim.

Under Michigan law, once the redemption period has expired, the former owner's rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942); *see also* Michigan Compiled Laws § 600.3236. At that point, the former owner can no longer assert claims with respect to the property. *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009). "'The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.'" *Id.* (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 247-248, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

The statutory redemption period expired on July 7, 2011, before Plaintiffs even filed this suit. Even if Plaintiffs had filed suit before the redemption period expired, doing so would not have tolled the redemption period. *Id.* Nor does the Complaint allege sufficient fraud or irregularity to justify an equitable extension of the redemption period. Plaintiffs assert that notices of the adjournment of the foreclosure sale were not properly published and posted, but this would render the foreclosure voidable only if the plaintiff establishes prejudice from the defective notice. *Worthy v. World Wide Fin. Servs.*, 347 F. Supp. 2d 502, 511 (E.D. Mich. 2004); *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 502-03, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007). Plaintiffs have made no attempt to redeem

6

the property and have failed to allege any facts indicating that they were prejudiced by the defective notice of the sale's adjournment.  Plaintiffs challenge the assignment of the mortgage from MERS to Wells Fargo, arguing that this assignment is invalid because it was undertaken as a precursor to foreclosure.  The Court is unaware of any authority for this proposition.[3]  Furthermore, "'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'" *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (citation omitted).  Plaintiffs allege violations of Michigan's loan modification statute, Michigan Compiled Laws § 600.3205a *et seq.*, but courts in the Eastern District of Michigan have uniformly held that such violations are insufficient to justify setting aside a completed foreclosure sale.  *See Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 U.S. Dist. LEXIS 90226, at *12 (E.D. Mich. Aug. 10, 2011); *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 U.S. Dist. LEXIS 44654 (E.D. Mich. Apr. 26, 2011);  *Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *29 (E.D. Mich. Feb. 24, 2011).  Plaintiffs assert that Wells Fargo improperly used a "credit bid" to obtain the property at the sheriff's sale.  Under Michigan law, however, the mortgagee may acquire property at a foreclosure sale without making actual payment to the sheriff if the bid is not in excess of the outstanding loan balance.  *Feldman v. Equitable Trust Co.*, 278 Mich. 619, 622, 270 N.W. 809, 810

---

[3] Plaintiffs cite Michigan Compiled Laws § 600.3204(3), which provides: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage."  This provision does not invalidate an assignment simply because it was executed in order to allow foreclosure.

(Mich. 1937).

Plaintiffs rely heavily on the Michigan Court of Appeals' decision in *Saurman*, alleging that Wells Fargo did not have "ownership or an interest in the indebtedness." Compl. ¶ 63. *Saurman*, however, has been reversed by the Michigan Supreme Court. *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (Mich. 2011). In reversing the Court of Appeals, the Michigan Supreme Court stated that the holder of a mortgage contingent on satisfaction of a debt is "the owner of . . . an interest in the indebtedness secured by the mortgage," and may therefore foreclose by advertisement under Michigan law. *Id.* at 909, 805 N.W.2d at 183 (citing Michigan Compiled Laws § 600.3204(1)(d)). Wells Fargo, the record holder of the mortgage, was therefore permitted to foreclose by advertisement. Wells Fargo also notes that it was entitled to foreclose by advertisement because it was the servicer of Plaintiffs' mortgage. *See* Michigan Compiled Laws § 600.3204(1)(d).

Plaintiffs also mistakenly assert that assignment of the mortgage from MERS will not satisfy § 600.3204(3), as the assignor of a mortgage can give no greater rights to the assignee than he had himself. Yet *Saurman* recognized that MERS has a right to foreclose by advertisement where it is the mortgagee as nominee for the lender. 490 Mich. at 909, 805 N.W.2d at 183. MERS was therefore able to assign that same right to Wells Fargo.

Plaintiffs have failed to allege any irregularity sufficient to justify extension of the redemption period, and the redemption period expired before Plaintiffs filed this action. The Court accordingly concludes that Plaintiffs' challenge to the sheriff's sale is barred, and Count I of the Complaint must be dismissed with respect to MERS, Wells Fargo, and

8

Fannie Mae.

**C. Conversion**

Count II of the Complaint, conversion, is brought against MERS, Wells Fargo, and Fannie Mae. Plaintiffs allege that Wells Fargo was not permitted to foreclose on their property and has wrongfully refused to return it to them. Compl. ¶ 69. Only personal property may be the subject of an action for conversion. *Eadus v. Hunter*, 268 Mich. 233, 237, 256 N.W. 323, 325 (Mich. 1934); *Embrey v. Weissman*, 74 Mich. App. 138, 143, 253 N.W.2d 687, 690 (Mich. Ct. App. 1974) ("Property while still part of the realty cannot be the subject of conversion."). Plaintiffs argue that they have properly brought a conversion claim under Michigan Compiled Laws § 600.2919a, which provides in pertinent part:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

Although the statute does not expressly distinguish between real and personal property, the terms "stolen," "embezzled," and "converted" apply only to personal property. *See Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438, 104 N.W.2d 360, 362 (Mich. 1960) ("Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."); Michigan Compiled Laws § 750.174(1) (embezzlement statute applies only to "money or other personal property").

9

Plaintiffs cannot recover under § 600.2919a for the wrongful foreclosure of real property. Moreover, even if Plaintiffs could bring a conversion claim based on the foreclosure of real property, the facts alleged do not establish that Plaintiffs were wrongfully deprived of their property. The Court concludes that Plaintiffs' conversion claim must be dismissed.

**D. Breach of Contract**

Count III of the Complaint, breach of contract, is brought against MERS, Wells Fargo, and Fannie Mae. Plaintiffs allege that "Defendants" breached their obligations under the mortgage contract "by allowing MERS or its assigns to initiate a foreclosure by advertisement in violation of MCL 600.3204(1)(d)." Compl. ¶ 76. Plaintiffs' mortgage grants MERS and its assigns the right to foreclose on the property. Plaintiffs' allegation therefore relies upon the decision of the Michigan Court of Appeals in *Saurman*, but this decision was overturned. To the extent that Plaintiffs assert that their claim arises from violations of Michigan's loan modification statute, the Court is unaware of any authority providing that such a violation constitutes a breach of contract. The statute provides its own remedies for aggrieved borrowers. *See* Michigan Compiled Laws §§ 600.3205a(5), 600.3205c(8). The Court also notes that Plaintiffs breached the agreement by failing to make the required loan payments. "'[O]ne who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform.'" *Michaels v. Amway Corp.*, 206 Mich. App. 644, 650, 522 N.W.2d 703, 706 (Mich. Ct. App. 1994) (quoting *Flamm v. Scherer*, 40 Mich. App. 1, 8-9, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972)). Plaintiffs have not alleged actions that would constitute a breach of the mortgage contract; this claim must therefore be dismissed.

**E. RESPA**

Count IV, alleging violations of RESPA, 12 U.S.C. § 2605, is brought against MERS, Wells Fargo, and Fannie Mae. Plaintiffs allege that they were not given proper notice of the identity of the servicer of their mortgage or of a change in the servicer. Compl. ¶¶ 79-80. A plaintiff asserting a claim under § 2605 must plead actual harm resulting from the violation.[4] *Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010). Plaintiffs make the conclusory assertion that they were "damaged by Defendants' violations of RESPA." Compl. ¶ 81. This is plainly insufficient to state a valid RESPA claim. To the extent that Plaintiffs claim damage in the form of loss of their property, it is clear that such injury resulted from the foreclosure, rather than the alleged failure to properly identify the loan's servicer.

Fannie Mae also requests dismissal of this claim because it is not bound by the statute's requirements. RESPA imposes duties on lenders and loan servicers. *See* 12 U.S.C. § 2605. Plaintiffs have not alleged that Fannie Mae originated their loan, and the promissory note states that the lender is Nations First Financial.[5] Plaintiffs also have not alleged that Fannie Mae serviced their loan. Plaintiffs argue that the statute provides no specific exemption for Fannie Mae, but that is irrelevant. RESPA only applies to lenders and servicers, and Plaintiffs have not made allegations sufficient to establish that Fannie

---

[4] Plaintiffs may alternatively show a "pattern or practice of noncompliance" with RESPA requirements, but Plaintiffs have not made such allegations in their Complaint.

[5] In addition, Fannie Mae is statutorily barred from originating mortgage loans. *See* 12 U.S.C. § 1719(a)(2).

11

Mae is either a lender or a servicer. The Court concludes that Plaintiffs' claim against Fannie Mae fails for this additional reason.

### F. Unjust Enrichment

Count V, unjust enrichment, is brought against MERS, Wells Fargo, and Fannie Mae. This claim arises from the allegedly wrongful foreclosure conducted by MERS or its assignees. Compl. ¶ 84. "In order to sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003) (citing *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375, 509 N.W.2d 791, 796 (1993)). As discussed above, Plaintiffs have failed to plead facts supporting a claim of wrongful foreclosure; thus, they have failed to establish inequity. Furthermore, an unjust enrichment claim does not lie where an express contract between the parties covers the same subject matter. *Id.* at 478, 666 N.W.2d at 280. Plaintiffs' mortgage granted the mortgagee a power of sale, expressly permitting foreclosure by advertisement. Plaintiffs' unjust enrichment claims against MERS and Wells Fargo are barred for this additional reason. The Court concludes that Plaintiffs' unjust enrichment claims must be dismissed.

### IV. Plaintiffs' Motion to Amend

Plaintiffs have moved for leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15. They have attached to their motion a Proposed Amended Complaint ("PAC") asserting claims similar to those contained in the original Complaint, plus three additional claims: fraudulent misrepresentation; negligent misrepresentation;

and civil conspiracy. MERS, Wells Fargo, and Fannie Mae argue that amendment of the Complaint would be futile.

**A. Standard of Review**

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading, a responsive pleading, or a motion under Rule 12(b), (e), or (f). Plaintiffs did not move for leave to amend within this time frame; thus, they may amend only with the consent of the opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2).

Courts have discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 182, 83 S. Ct. at 230. Absent any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave to amend should be freely given. *Id.* at 182, 82 S. Ct. at 230. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

**B. Wrongful Foreclosure**

Plaintiffs' amended claim of wrongful foreclosure attempts to avoid the effect of the Michigan Supreme Court's *Saurman* ruling by challenging the assignment of the mortgage from MERS to Wells Fargo. Plaintiffs allege that "[n]o chain of title existed between

13

Defendant MERS and Defendant Wells Fargo that was sufficient to transfer ownership rights under the mortgage." PAC ¶ 85. Plaintiffs further assert that "MERS and its assigns do not meet the requirements of MCL 600.3204(3) and therefore may not foreclose by advertisement." PAC ¶ 86.

Again, Plaintiffs' challenge to the assignment is barred because they were not parties to the assignment. *Livonia Props. Holdings, LLC*, 399 F. App'x at 102. Even if they could properly raise such a challenge, Plaintiffs provide no authority whatsoever for the assertion that an assignment from MERS cannot establish a record chain of title under the foreclosure statute. The statute provides only that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Michigan Compiled Laws § 600.3204(3). Under this statute, an assignment by the record holder of the mortgage is plainly satisfactory to establish a record chain of title. The statute does not exclude assignments by a particular party or impose any requirements that might invalidate the assignment in this case. It cannot be disputed that a record chain of title existed prior to January 7, 2011, the date of the sale, as the assignment from MERS to Wells Fargo was recorded with the Register of Deeds on September 20, 2010. The Court concludes that Plaintiffs' amended claim of wrongful foreclosure is futile.

**C. Conversion**

Plaintiffs' Proposed Amended Complaint contains the same allegations in support of the conversion claim as the original Complaint. Because the Court has already determined

14

that real property cannot be the subject of a conversion claim, this claim is futile.

### D. Breach of Contract

Plaintiffs' amended claim for breach of contract alleges that "MERS and/or an originator and their assigns Fannie Mae and Wells Fargo" were parties to the mortgage contract with Plaintiffs. PAC ¶ 97. Plaintiffs assert that MERS, Wells Fargo, and Fannie Mae breached provisions of the mortgage agreement "by allowing MERS or its assigns to initiate a foreclosure by advertisement in violation of MCL 600.3204(3)." PAC ¶ 98. As discussed above, MERS, as record holder of the mortgage, had the right to foreclose by advertisement and could assign that right to Wells Fargo. The action complained of by Plaintiffs does not constitute a violation of the statute or the mortgage agreement. The Court therefore concludes that the amended breach of contract claim is futile.

### E. RESPA

Plaintiffs' amended RESPA claim states that they have suffered actual damages from the alleged violations in the form of "infliction of mental distress, loss of credit rating and loss of their property." PAC ¶ 106. The Complaint fails to plead facts sufficient to make a connection between these injuries and the claimed violations, which include the failure to give notice of changes in the loan's servicer and the failure to respond to "qualified written requests." *Id.* ¶¶ 103, 105. The alleged injuries plainly resulted from Plaintiffs' failure to make loan payments and the ensuing foreclosure. Plaintiffs have not pleaded actual harm resulting from the alleged RESPA violations; their claim is therefore futile.

### F. Fraudulent / Negligent Misrepresentation

Plaintiffs' claims of fraudulent and negligent misrepresentation are substantially

identical. Plaintiffs allege that MERS, Wells Fargo, and Fannie Mae caused the recording of mortgages stating that MERS is the mortgagee. PAC ¶¶ 122, 127. Plaintiffs assert that "[s]uch statements are false as MERS is not a mortgagee as it lends no money and requires no interest in the promissory notes which are secured by the mortgages that are recorded." *Id.* A plaintiff generally must show that the defendant made a false representation in order to prevail on a fraud claim. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (Mich. 1976). It was not false to state that MERS was the mortgagee, as the mortgage signed by Plaintiffs expressly provided: "MERS is the mortgagee under this Security Instrument." MERS Br. Ex. 2 at 1. Plaintiffs assert, without supporting authority, that a mortgagee must lend money to the mortgagor. In *Saurman*, however, the Michigan Supreme Court upheld the foreclosure of a mortgage where it was undisputed that MERS was not the lender. 490 Mich. at 909, 805 N.W.2d at 183. Furthermore, *Saurman* definitively established that MERS, as record holder of a mortgage, owns an interest in the indebtedness secured by the mortgage. *Id.* at 909, 805 N.W.2d at 183. Plaintiffs' fraud claims are based entirely on legal conclusions that have been rejected by the Michigan Supreme Court. These claims are therefore futile.

**G. Civil Conspiracy**

Plaintiffs assert a claim of civil conspiracy, alleging that MERS, Wells Fargo, and Fannie Mae engaged in concerted action to avoid recording assignments and to hide the identities of lenders. PAC ¶ 116. Plaintiffs further assert that these Defendants caused fraudulent documents to be recorded in counties throughout the State of Michigan. *Id.* ¶ 119. Allegations of a civil conspiracy, standing alone, are not actionable. *Roche v. Blair*,

305 Mich. 608, 614, 9 N.W.2d 861, 863 (Mich. 1943).  In order to establish liability, the plaintiff must prove a separate, actionable tort.  *Early Detection Center, PC v. New York Life Ins. Co.*, 157 Mich. App. 618, 632, 403 N.W.2d 830, 836 (Mich. Ct. App. 1986).  As set forth above, Plaintiffs' fraud claim is futile.  Plaintiffs have also failed to articulate a tort theory underlying their claim that MERS and mortgage lenders have schemed to avoid recording assignments and to hide lenders' identities.  The Court accordingly concludes that Plaintiffs' proposed civil conspiracy claim is futile.

### V. Conclusion and Order

The Court has determined that the claims stated in the Complaint against MERS, Wells Fargo, and Fannie Mae must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs' proposed amendments to the Complaint are futile with respect to the claims against MERS, Wells Fargo, and Fannie Mae.  It also does not appear that the proposed Amended Complaint includes substantial changes to the allegations against the Macomb County Sheriff and Writs, Inc., which are the remaining defendants in this action.  The Court therefore concludes that leave to amend is properly denied.

The motion to stay filed by MERS and Wells Fargo was rendered moot by the Michigan Supreme Court's *Saurman* decision, and shall therefore be denied.

Accordingly,

**IT IS ORDERED** that the motion to stay filed by MERS and Wells Fargo [Dkt. #10] is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Fannie Mae's motion to dismiss [Dkt. #19] is

17

**GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6);

**IT IS FURTHER ORDERED** that the motion to dismiss filed by MERS and Wells Fargo [Dkt. #20] is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6);

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file an Amended Complaint [Dkt. #34] is **DENIED**.

**IT IS FURTHER ORDERED** that MERS, Wells Fargo, and Fannie Mae are **DISMISSED** from this action.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Scott F. Smith, Esq.
James S. Meyerand, Esq.
Brandon M. Blazo, Esq.
Laura Baucus, Esq.
Michael J. Blalock, Esq.
Thomas M. Schehr, Esq.
Adam J. Wienner, Esq.
Jill L. Nicholson, Esq.
Ryan S. Bewersdorf, Esq.
Robert A. Kuhr, Esq.