UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. COLLINS and VITA COLLINS,
    Plaintiffs,

Case No. 11-12999

v.

Honorable Patrick J. Duggan

MACOMB COUNTY SHERIFF
ANTHONY WICKERSHAM in his official
and personal capacity, WELLS FARGO
BANK, N.A., a National Association,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware Corporation, its successors and/or
assigns, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, a Federally
Chartered Corporation, and WRITS, INC., a
Michigan Corporation, jointly and severally,
    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 25, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On July 12, 2011, John and Vita Collins ("Plaintiffs") filed this purported class action, alleging violations of state and federal law in connection with the foreclosure of real property. Before the Court is a motion to dismiss filed by Macomb County Sheriff Anthony Wickersham on May 10, 2012 pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not filed a response to the motion. The Court scheduled a hearing for July 24, 2012, but Plaintiffs' counsel failed to appear. The Court therefore

indicated that it would decide the motion on the briefs.

## I. Factual and Procedural Background

On August 25, 2005, Plaintiffs obtained a loan of $156,000 from Nations First Financial. As security for this loan, they executed a mortgage on real property located at 30967 Roselawn, in Warren, Michigan. MERS was the mortgagee as nominee for the lender and the lender's successors and assigns. This mortgage was recorded with the Macomb County Register of Deeds on September 22, 2005. Wells Fargo eventually became the servicer of this loan, although it is not exactly clear when this occurred.

Plaintiffs failed to make the scheduled loan payments, and on September 9, 2010, MERS assigned the mortgage to Wells Fargo. This assignment was recorded with the Register of Deeds on September 20, 2010. Wells Fargo then instituted proceedings to foreclose by advertisement. Wells Fargo published four consecutive weekly notices of foreclosure in the Macomb County Legal News, and a notice was posted at the property on October 18, 2010. The foreclosure sale was initially scheduled for November 12, 2010, but was later adjourned to January 7, 2011. Wells Fargo purchased the property at the sheriff's sale. Shortly after the sale, Wells Fargo quitclaimed the property to Fannie Mae, and Fannie Mae commenced proceedings to evict Plaintiffs from the property. The six-month statutory redemption period expired on July 7, 2011.

Plaintiffs filed this purported class action on July 12, 2011 in the Eastern District of Michigan.[1] Their Complaint contains the following six counts: wrongful foreclosure, in

---

[1] No classes have been certified at this time.

violation of Michigan Compiled Laws § 600.3204(1)(d) (Count I); conversion (Count II); breach of contract (Count III); violation of the Real Estate Settlement Procedures Act (Count IV); unjust enrichment (Count V); and violation of substantive due process rights (Count VI). The named defendants were Sheriff Wickersham, Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), the Federal National Mortgage Association ("Fannie Mae"), and Writs, Inc.

On October 28, 2011, Wells Fargo, MERS, and Fannie Mae moved to dismiss the claims against them pursuant to Rule 12(b)(6). The Court subsequently granted these motions. Writs, Inc. and Sheriff Wickersham answered the Complaint on November 3, 2011 and November 18, 2011, respectively. Sheriff Wickersham now moves to dismiss the Complaint pursuant to Rule 12(b)(6).

## II. Standard of Review

Sheriff Wickersham's motion was filed pursuant to Rule 12(b)(6), but such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Because Sheriff Wickersham previously filed an answer to the Complaint, the motion is improperly raised. However, such a motion may be construed as a motion for judgment on the pleadings under Rule 12(c), which is evaluated under the same standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is

3

entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S. Ct. at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's

claims.  *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

The Complaint only asserts one claim against Sheriff Wickersham.  Count VI alleges that Sheriff Wickersham allowed the foreclosure to be conducted in a manner that did not comply with Michigan's foreclosure by advertisement statute, Michigan Compiled Laws § 600.3201 *et seq.*  Plaintiffs assert that this constitutes a violation of 42 U.S.C. § 1983, as they were deprived of their property without due process.

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)).  In the Complaint, Plaintiffs assert that Sheriff Wickersham acted "under color of law" and that his actions constitute a "state action."  Compl. ¶ 97. This is a legal conclusion, however, and the Court need not accept it as true for purposes of a Rule 12(b)(6) motion.  *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Sixth Circuit precedent makes clear that a sheriff's participation in a foreclosure by advertisement does not constitute a "state action" under § 1983.  *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 28-29 (6th Cir. 1975); *see also Ray v. Oakland Cnty. Drain Comm'n*, 115 F. App'x 775, 777 (6th Cir. 2004); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 899 (E.D. Mich. 2011).  Because Plaintiffs have not pleaded a state action, their § 1983 claim fails as a matter of law.  *See Northrip*, 527 F.2d at 29.

Even if Plaintiffs could establish that Sheriff Wickersham's involvement in the

foreclosure proceeding was a "state action," they have failed to plead any violation of the statute that would justify setting aside the completed foreclosure sale. Plaintiffs first allege that the foreclosure sale was conducted in violation of Michigan Compiled Laws § 600.3204(1)(d), which limits the remedy of foreclosure by advertisement to "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." The foreclosing party, Wells Fargo, was the record holder of the mortgage and thus had an "interest in the indebtedness secured by the mortgage." *See Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (Mich. 2011). Wells Fargo was also the servicing agent of the mortgage. Wells Fargo was therefore entitled to foreclose on the mortgage by advertisement.

Plaintiffs contend that notices of adjournment of the sheriff's sale were not posted and published as required by Michigan Compiled Laws § 600.3220. Compl. ¶¶ 92-93. This would only render the sheriff's sale voidable; Plaintiffs must still establish prejudice from the defective notice. *Worthy v. World Wide Fin. Servs.*, 347 F. Supp. 2d 502, 511 (E.D. Mich. 2004); *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 502-03, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007). Plaintiffs failed to redeem the property, despite learning that the sale was held on January 7, 2011. The Court concludes that Plaintiffs have failed to plead facts showing any sort of harm resulting from the allegedly defective adjournment.

Plaintiffs assert that Sheriff Wickersham improperly allowed the winning bidder, Wells Fargo, to purchase the property at the foreclosure sale "without depositing good funds." Compl. ¶¶ 94-95. Michigan law allows the mortgagee to acquire property at a

6

sheriff's sale without making actual payment to the sheriff if the bid is not in excess of the outstanding loan balance. *Feldman v. Equitable Trust Co.*, 278 Mich. 619, 622, 270 N.W. 809, 810 (Mich. 1937); *see also New Freedom Mortg. Corp. v. Globe Mortg. Corp.*, 281 Mich. App. 63, 68, 761 N.W.2d 832, 836 (Mich. Ct. App. 2008) ("When a lender bids at a foreclosure sale, it is not required to pay cash, but rather is permitted to make a credit bid because any cash tendered would be returned to it.").

### IV. Conclusion

For the reasons set forth above, the Court concludes that Plaintiffs have failed to state a plausible § 1983 claim against Sheriff Wickersham.

Accordingly,

**IT IS ORDERED** that Sheriff Wickersham's motion for judgment on the pleadings is **GRANTED**.

                                                     s/PATRICK J. DUGGAN
                                                     UNITED STATES DISTRICT JUDGE

Copies to:
Scott F. Smith, Esq.
Frank J. Krycia, Esq.
James S. Meyerand, Esq.
Robert A. Kuhr, Esq.